IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATHRYN TOWNSEND,**

    **Plaintiff,**

v.                                                             Case No.:  3:15-cv-06824

**NESTLE HEALTHCARE NUTRITION,
CORP.; NESTLE HEALTH SCIENCE; and
NESTLE, U.S.A., INC.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Quash Subpoena Duces Tecum filed by Lawrence J. Tweel, Esq., ("Tweel"). (ECF No. 41). The subpoena was issued by Defendants Nestle HealthCare Nutrition and Nestle, U.S.A., Inc., to Tweel for the production of certain documents related to Tweel's legal representation of Plaintiff Kathryn Townsend ("Townsend") after a September 2014 car accident. (ECF No. 42-1 at 17, 20). Defendant Nestle HealthCare Nutrition ("Defendant") has filed a response in opposition to Tweel's motion, (ECF No. 42), and Townsend has not filed a response to the motion. The time for filing a reply memorandum has expired; accordingly, the issues are fully briefed. Because the positions of Tweel and Defendant are clearly set forth in their written submissions, the undersigned finds that oral argument on the motion is unnecessary. For the reasons that follow, the Court **DENIES** Tweel's motion to quash. However, the Court does **GRANT** a modification of the subpoena under Fed. R. Civ. P. 45(d)(3) and **ORDERS** Tweel within **fourteen (14) days** of the date of this Memorandum Opinion and Order

to produce the documents set forth below. To the extent Tweel believes that any of the documents are confidential and require protection from disclosure outside of the instant action, he may produce them subject to the terms of the protective order previously entered herein. (ECF No. 14).

## I. Relevant Factual and Procedural History

In this employment discrimination action, Townsend alleges that she was formerly employed by Defendant as a sales associate before she was terminated due to a disability. (ECF No. 1-1 at 29-30). According to Townsend, in June 2013, she was needed to take leave from work under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (*Id.*) On November 26, 2013, Defendant sent Townsend a letter informing her that her employment was terminated, effective December 2, 2013, because "an indefinite leave of absence was not a reasonable accommodation" and Townsend's work needed to be reassigned. (*Id.* at 30). Townsend asserts that she would have been able to return to work in January 2014 and that her position was never subsequently filled. (*Id.*) Townsend alleges that Defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-9, by discriminating against her as a result of her disability. (*Id.*) Townsend also claims that Defendant failed to pay her the final wages to which she was entitled, contrary to the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 *et seq.* (*Id.* at 33). She seeks damages for lost wages, as well as emotional pain and suffering. (*Id.* at 30).

During discovery in this matter, Townsend informed Defendant that she had sustained injuries in a September 2014 car accident. (ECF No. 41 at 1; ECF No. 42 at 2; ECF No. 42-1 at 14). As a result of that accident, Townsend retained Tweel to represent her in a potential personal injury action. (ECF No. 41 at 1; ECF No. 42-1 at 15). Townsend's personal injury claim was settled with the Hartford Insurance Agency in July 2015, before

filing suit and prior to any discovery being conducted. (ECF No. 41 at 1; ECF No. 42-1 at 15).

Having learned of Townsend's September 2014 accident and July 2015 settlement, Defendant issued a subpoena duces tecum to Tweel on March 14, 2016. (ECF No. 42-1 at 17). Defendant requested that Tweel produce "certified copies of [Tweel's] complete file, in hard copy, electronic form or otherwise, relating to the personal injury lawsuit filed by [Tweel's] office on behalf of [Townsend] including but not limited to the following: [t]he settlement agreement; [Townsend's] deposition; [Townsend's] answers to interrogatories; [a]ny medical records produced in the case; [a]ny expert or treating physician reports on behalf of [Townsend]; and [a]ny other documents where her injuries and abilities to work or carry on daily activities were discussed." (*Id.* at 20).

On March 22, 2016, Tweel filed the instant motion to quash. (ECF No. 41). Therein, Tweel indicates that his case file related to Townsend's September 2014 car accident contains the following: (1) "a settlement evaluation and letters to insurance adjustors containing [Tweel's] negotiation thoughts, theories and settlement strategies"; (2) communications between Tweel and Townsend; (3) "notes and things to do prepared by [Tweel] reflecting his theories, thoughts and strategy about [Townsend's] personal injury claim"; (4) "a complaint to the WV Insurance Commission about insurance coverage which does not address [Townsend's] physical condition in any way"; (5) "a non-litigation statement taken of [Townsend] addressing the motor vehicle accident … contain[ing] no information about any injuries or physical conditions of [Townsend]"; (6) "information of [Townsend's] insurance coverage and claim … not address[ing] [Townsend's] personal injuries in the motor vehicle accident or any other physical conditions of [Townsend]"; and (7) Townsend's medical records and bills related to the September 2014 accident.

3

(ECF No. 41 at 3-4). On April 5, 2016, Defendant filed a response in opposition to the motion to quash. (ECF No. 42). To date, Tweel has not filed a reply brief, and Townsend has not filed any response to the motion to quash.

## II.     Positions of the Movant and Defendant

In his motion to quash, Tweel argues that his case file related to Townsend's September 2014 car accident contains information that is "privileged, protected, irrelevant and/or information for which Defendant has no substantial need." (ECF No. 41 at 3). In addition, Tweel asserts that if he were to comply with the subpoena, he would be waiving attorney-client privilege or disclosing attorney work product, which would violate the duty of confidentiality owed to his former client under West Virginia Rule of Professional Conduct 1.9(c). (*Id.* at 5). With respect to specific documents present in the file, Tweel contends that his settlement evaluation, letters to insurance adjusters, and "notes and things to do" are shielded from discovery by the attorney work-product doctrine. (*Id.* at 3-4). As for any notes of communications between Tweel and Townsend, Tweel insists that those communications are protected from disclosure by attorney-client privilege. (*Id.* at 3). In addition, Tweel claims that the settlement evaluation, letters to insurance adjusters, the complaint to the West Virginia Insurance Commission, Townsend's non-litigation statement, and information concerning Townsend's insurance coverage and claim are irrelevant to this action. (*Id.* at 3-4). Lastly, Tweel argues that the medical records contained in the file "cannot be certified or authenticated by [Townsend] or her attorney and should be properly requested or subpoenaed from [Townsend's] medical providers." (*Id.* at 4).

In response, Defendant argues that Tweel, as a nonparty witness, cannot object to the subpoena on relevancy grounds under Federal Rule of Civil Procedure 45(d). (ECF

No. 42 at 4). Assuming *arguendo* that Tweel may properly argue the relevancy of the documents, Defendant insists that much of the information in Tweel's file is relevant and discoverable because "information concerning prior lawsuits filed by a plaintiff is potentially admissible or could lead to admissible evidence." (*Id.* at 5). Specifically, Defendant contends that the settlement evaluation, the letters to insurance adjusters, the complaint to the West Virginia Insurance Commission, Townsend's non-litigation statement addressing the motor vehicle accident, information concerning Townsend's insurance coverage and claim, and Townsend's medical records and bills are relevant to Townsend's alleged damages in this action. (*Id.* at 6). Because Townsend is seeking lost wages related to her termination, Defendant claims that it is entitled to discover the aforementioned documents to ascertain Townsend's condition and ability to work for the period of time during which she purportedly would have been working for Defendant had she not been terminated. (*Id.*) Moreover, Defendant asserts that information concerning any compensation received by Townsend during that period (e.g. a settlement payment) is relevant to her claim of damages in this action. (*Id.* at 7). Additionally, Defendant insists that it should be permitted to discover whether Townsend's statements in her "personal injury lawsuit" are inconsistent with her allegations in this case. (*Id.*) Finally, insofar as Tweel asserts that the attorney work product doctrine applies to the settlement evaluation and his letters to insurance adjusters, Defendant responds that Tweel waived any work product protection when he revealed his mental impressions to the insurance company.[1] (*Id.* at 8).

---

[1] Although it is not entirely clear from the portion of Townsend's deposition attached to Defendant's response memorandum, it appears that Hartford Insurance Agency was the insurer of another driver involved in the accident. (ECF No. 42-1 at 15).

### III. Federal Rules of Civil Procedure 26 and 45

Federal Rule of Civil Procedure 45(d) sets forth the protections available to a person subject to a subpoena. In particular, Rule 45(d)(3) outlines when a court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. According to the rule, a court is "required" to quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply"; "(ii) requires a person to comply beyond the geographic limits specified in Rule 45(c)"; "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "(iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). As Defendant observes, the rule does not explicitly state that a court must quash or modify a subpoena where the information sought is irrelevant. However, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013); *Singletary v. Sterling Transport Co.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012). In other words, "[a]lthough Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed, ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26." *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012); *see also Barber v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 3:14-cv-27349, 2015 WL 6126841, at *5 (S.D.W.Va. Oct. 16, 2015) (citing *Cook*, 484 F. App'x at 812). Looking to Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is ... the foundation for any request for production, regardless of the individual to whom a request is made." *Cook*, 484 F. App'x at 812. Indeed, the Fourth Circuit has recognized that a subpoena seeking irrelevant

information may subject its recipient to an "undue burden" under Rule 45(d)(3)(A)(iv). *Id.* at 812 n.7; *see also HDSherer LLC*, 292 F.R.D. at 308 (recognizing that overbroad subpoena or subpoena seeking irrelevant information imposes undue burden on recipient).

Rule 26(b)(1) does not precisely define relevancy. Certainly, information is relevant if it logically relates to a party's claim or defense. Although the rule was recently amended to remove language permitting the discovery of "*any matter* relevant to the subject matter involved in the action" (emphasis added) and "relevant information … reasonably calculated to lead to the discovery of admissible evidence," the rule in its current form still contemplates the discovery of information relevant to the subject matter involved in the action, as well as relevant information that would be inadmissible at trial. Fed. R. Civ. P. 26(b)(1), advisory committee notes to 2015 amendment. Accordingly, it remains true that "relevancy in discovery is broader than relevancy for purposes of admissibility at trial."[2] *See Amick v. Ohio Power Co.*, No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W.Va. Dec. 18, 2013). Moreover, notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, are nevertheless "to be accorded broad and liberal construction." *Eramo v. Rolling Stone LLC*, No. 3:15-MC-11, ___ F.R.D. ___, 2016 WL 304319, at *3 (W.D. Va. Jan. 25, 2016); *see also CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-cv-157, 2016 WL 1244998, at *3 (E.D.N.C. Mar. 23, 2016).

As previously explained, a subpoena recipient may move to quash the subpoena

---

[2] Federal Rule of Evidence 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

7

under Rule 45(d)(3) on the ground that the subpoena seeks irrelevant information.[3] "The burden of persuasion in a motion to quash a subpoena ... is borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003); *see also HDSherer LLC*, 292 F.R.D. at 308 ("[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted."). The determination as to whether a subpoena seeks irrelevant information or imposes an undue burden is committed to the discretion of the trial court. *Hirschfeld*, 219 F.R.D. at 74. Aside from quashing or modifying the subpoena, a court may also issue a protective order, for good cause, to protect the subpoena recipient from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a protective order may forbid the discovery sought, prescribe an alternative discovery method for obtaining the information sought, or prohibit inquiry into certain matters. *Id.*

## IV. Discussion

To start, the Court identifies the information in Tweel's file that Defendant is *not* asking to be produced. Defendant is not requesting that Tweel produce confidential communications between Tweel and Townsend, or notes reflecting Tweel's theories and strategies concerning Townsend's potential personal injury claim arising out of the September 2014 accident. (ECF No. 42 at 3 n.1). Consequently, those documents are not presently at issue and do not need to be produced.

Turning to the documents that are in dispute, Defendant requests that Tweel

---

[3] Federal Rule of Civil Procedure 26(b)(2)(C) additionally requires a court to limit the "frequency or extent of discovery" otherwise allowed where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

produce the settlement evaluation and letters to insurance adjusters contained in Tweel's file. Tweel objects on the grounds of attorney work product. "[T]he work product doctrine belongs to the attorney and confers a qualified privilege on documents prepared by an attorney in anticipation of litigation." *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 231 (4th Cir. 2011). "To determine whether a document was prepared in anticipation of litigation, 'the primary motivating purpose behind the creation of the document must have been to assist in pending or probable future litigation.'" *Mordesovitch v. Westfield Ins. Co.*, 244 F. Supp. 2d 636, 642 (S.D.W.Va. 2003) (quoting *State ex rel. United Hosp. Ctr., Inc. v. Bedell*, 484 S.E.2d 199, 213 (W. Va. 1997)). Federal Rule of Civil Procedure 26(b)(3), which codifies the work-product doctrine under federal law, states in part:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

As can be deduced from the rule's language, work product is separated into two categories: (1) opinion work product, or in other words, "mental impressions, conclusions, opinions, or legal theories" of an attorney or other representative, which is "absolutely" immune from discovery; and (2) fact work product consisting of "documents

9

prepared by an attorney that do not contain the attorney's mental impressions," which may be discovered "upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005); *see also Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983-84 (4th Cir. 1992).

Here, Tweel insists that the settlement evaluation and letters to insurance adjusters are opinion work product. While that may be so, Tweel's voluntary disclosure of his mental impressions, opinions, or legal theories to a potentially adverse party (the insurance company) waived any work product protection.[4] *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981) ("[W]hen an attorney freely and voluntarily discloses the contents of otherwise protected work product to someone with interests adverse to his or those of the client, knowingly increasing the possibility that an opponent will obtain and use the material, he may be deemed to have waived work product protection."); *Cont'l Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 772 (D. Md. 2008) ("The notion that disclosure of work product protected material in a manner that creates a substantial risk that it will be received by an adversary waives the protection … is a common sense proposition that has been recognized by other courts and commentators for the simple reason that once an adversary has become aware of the content of the information disclosed it cannot purge it from its mind."); *In re Imperial Corp. of Am.*, 167 F.R.D. 447, 454-55 (S.D. Cal. 1995)

---

[4] "The ability to protect work product normally extends to both clients and attorneys, and the attorney or the client, expressly or by conduct, can waive or forfeit it, but only as to himself." *Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286, 294 (4th Cir. 2004) (quoting *In re Doe*, 662 F.2d at 1079) (markings omitted). *But see Solis*, 644 F.3d at 231 (stating "work product doctrine belongs to the attorney"). Notably, Townsend has not filed any responsive memorandum arguing the application of the work product doctrine to the subpoena at issue.

10

(finding waiver of work-product protection where attorney sent letter to insurance claims adjuster and insurance company for which adjuster worked was potential adversary in future litigation). Such a waiver is "limited to the information actually disclosed, not [a] subject matter waiver." *Cont'l Cas. Co.*, 537 F. Supp. 2d at 773 (citing *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1223 (4th Cir. 1976)). Defendant has not attempted to invoke a subject matter waiver—it has only requested production of any information already disclosed to the insurance company via the settlement evaluation and letters to insurance adjusters. Such a request is proper in light of Tweel's waiver of work product protection.

Because the documents requested concern settlement negotiations, the Court separately considers whether any additional protection from disclosure applies. Some courts have recognized a federal "settlement privilege" that protects information relating to settlement negotiations from disclosure during discovery. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003); *cf. QSI-Fostoria, D.C., LLC v. BACM 2001-1 Cent. Park West, LLC*, No. 3:02CV07466, 2006 WL 2010791, at *2 (N.D. Ohio July 17, 2006) (concluding that Sixth Circuit's settlement privilege only protects from discovery information related to settlement negotiations, not terms of final settlement agreement). In contrast, courts within the Fourth Circuit have generally declined to recognize a federal settlement privilege. *Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2014 WL 4760292, at *3 (E.D.N.C. Sept. 24, 2014); *Amick*, 2013 WL 6670238, at *2 (S.D.W.Va.); *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Porter Hayden Co.*, No. CCB-03-3408, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012); *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2470460, at *4 n.5 (M.D.N.C. June 20, 2011); *Polston v. Eli Lilly & Co.*, No. 3:08-3639,

11

2010 WL 2926159, at *1 (D.S.C. July 23, 2010); *Equal Rights Ctr. v. Archstone-Smith Trust*, 251 F.R.D. 168, 170 (D. Md. 2008). Instead, when determining whether a settlement agreement or information concerning settlement negotiations are subject to production in discovery, courts in this circuit have found that "*relevance* not *admissibility*, is the appropriate inquiry." *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997) (emphasis in original).

"[D]iscovery related to other accidents, incidents, claims, and lawsuits involving a party to the litigation is relevant in a personal injury action when the discovery is reasonably designed to lead to admissible evidence on issues such as notice, knowledge, foreseeability, standard of care, and damages." *See Deitz v. Pilot Travel Ctrs., LLC*, No. 3:14-cv-31091, 2015 WL 5031229, at *2 (S.D.W.Va. Aug. 25, 2015). In this case, the Court finds that the information contained in the settlement evaluation and the letters to insurance adjusters is likely relevant to Townsend's claims and damages in this action. Those documents in all probability describe Townsend's condition or ability to work at the time during which she claims that she could have been working for Defendant. As such, the information therein is relevant to Townsend's credibility and claim of damages. Moreover, to the extent that the documents include the terms of any final settlement agreement, e.g. a provision for payment of lost wages, those facts are relevant to the damages that Townsend may recover in this action. Accordingly, Tweel must produce to Defendant the settlement evaluation and letters to insurance adjusters.

Next, Defendant asks that Tweel produce the complaint that he filed with the West Virginia Insurance Commission pertaining to insurance coverage, a non-litigation statement taken of Townsend related to the September 2014 accident, and information concerning Townsend's insurance coverage and claim. (ECF No. 42 at 6). Tweel asserts

that these documents do not contain information relevant to this action because they do not describe Townsend's physical condition or personal injuries after the accident. (ECF No. 41 at 4). To the extent that these documents include any information concerning Townsend's physical or medical conditions related to the September 2014 accident, or information that bears on Townsend's claim of damages in this action, e.g. Townsend's claim of lost wages, Tweel must produce to Defendant the portions of the documents containing that information. Those facts are certainly relevant to this matter. However, insofar as the requested documents do *not* include the afore-described information, Tweel need not produce them to Defendant.

Lastly, Defendant requests that Tweel supply Townsend's medical records and bills related to the September 2014 accident contained in Tweel's file. (ECF No. 42 at 6). Tweel concedes that the medical records and bills "may be relevant" to this action, but he contends that the records and bills "cannot be certified or authenticated by [Townsend] or her attorney and should be properly requested or subpoenaed from [Townsend's] medical providers." (ECF No. 41 at 4). Rule 26(b)(1) provides that information need not be admissible in evidence to be discoverable. Consequently, while unauthenticated documents may be inadmissible at trial, *see Belber v. Lipson*, 905 F.2d 549, 551-52 (1st Cir. 1990), they are still discoverable if relevant. Tweel acknowledges, and the Court agrees, that Townsend's medical records and bills resulting from the September 2014 accident may be relevant to this action, particularly to Townsend's credibility and claim of damages. The fact that the medical records and bills cannot be authenticated by Tweel does not necessarily prevent their disclosure.[5] Defendant may review the unauthenticated

---

[5] The medical records or bills produced by Tweel will be authentic in the sense that his production of the records from his file constitutes an implicit representation that *Tweel* believes the records are what he purports them to be.

13

medical records or bills and subsequently determine that obtaining certified or authenticated copies from another entity is necessary; however, that possibility is not reason enough to excuse Tweel from producing the records and bills. Therefore, Tweel must produce to Defendant the medical records and bills related to the September 2014 accident contained in his file. To the extent that any information within those records or bills is confidential, Tweel or the parties may move for the entry of this Court's standard protective order in accordance with Local Rule of Civil Procedure 26.4(a).

## V. Conclusion

Wherefore, the Court **DENIES** the Motion to Quash Subpoena Duces Tecum, (ECF No. 41), but **GRANTS** a modification of the subpoena as set forth herein. Tweel is **ORDERED** within **fourteen (14) days** from the entry of this Memorandum Opinion and Order to produce to Defendant the documents required by this order. To the extent Tweel believes that any of these documents are confidential and require protection from disclosure outside of the instant action, he may produce them subject to the terms of the protective order previously entered herein. (ECF No. 14).

The Clerk is instructed to provide a copy of this Order to Tweel and counsel of record.

**ENTERED**: April 22, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge

14